# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Newport News Division

JAYSON E. MICKLE, et al.,

    Plaintiffs,

v.                                              Case No.: 4:12-cv-86

SHERIFF GABRIEL MORGAN, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Jayson E. Mickle, et al.'s ("Plaintiffs") motion for attorneys' fees and costs, ECF No. 126, wherein the Plaintiffs seek an award of reasonable expenses pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(5)(A) after successfully pursuing a motion to compel answers to interrogatories and requests for production of documents from Defendants Sheriff Gabriel Morgan, et al. ("Defendants"). Defendants filed a memorandum in opposition, ECF No. 130, and Plaintiffs replied, ECF No. 131, so the matter is now ripe for disposition. Although Plaintiffs have requested a hearing on their motion, ECF No. 137, the Court exercises its discretion to decide the motion without an oral hearing pursuant to Rule 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, Plaintiffs' motion, ECF No. 126, is **DENIED**.

The present action involves Plaintiffs' claim that Newport News Sheriff's Office law enforcement officers deprived Plaintiffs of their civil rights in violation of 42 U.S.C. § 1983 while conducting an investigation of Plaintiffs for allegedly selling synthetic marijuana, or "spice." The genesis of Plaintiffs' present motion for attorneys' fees and costs began with Plaintiffs' service on Defendants of interrogatories and requests for production of documents

("RFP") on January 22, 2013. *See* ECF No. 42 at 1; attach. 1, at 12. Defendants timely proffered their objections and provided some discovery responses. ECF No. 42 at 1. Dissatisfied with Defendants' refusal to withdraw their objections, Plaintiffs' counsel consulted with Defendants' counsel in an attempt to resolve the objections in compliance with Eastern District of Virginia Local Civil Rule 37(E). *Id.* at 2. This consultation, however, proved unsuccessful, and on March 18, 2013 Plaintiffs filed their motion to compel, ECF No. 41. Defendants then filed a memorandum in opposition on March 22, 2013, ECF No. 44, and Plaintiff replied on March 28, 2013, ECF No. 45. The Court conducting a hearing on Plaintiffs' motion to compel on April 26, 2013, and granted Plaintiffs' motion, albeit with some limitations with respect to certain discovery requests, and issued its Order on April 30, 2013, ECF No. 50. In its Order, the Court ruled: "Finally, the Plaintiffs requested attorneys' fees in accordance with Federal Rule of Civil Procedure 37(a)(5)(A). The Court will take the matter under advisement, and the Plaintiffs are *DIRECTED* to file the appropriate motion with the Court substantiating their fee request, to which the Defendants may respond." ECF No. 50 at 2. Nearly sixteen months later, on August 22, 2014, Plaintiffs filed the instant motion for attorneys' fees and costs pursuant to Rule 37(a)(5)(A), seeking their reasonable expenses in prosecuting the motion to compel. ECF No. 126.

At issue in the underlying discovery dispute were Defendants' objections to interrogatories 14, 15 and 16 and RFPs 5, 7, 8, 10, 11, and 12. ECF No. 55 at 4. Those discovery requests concerned three categories of information: 1) personal information of the defendants; 2) other Newport News Sheriff's Department investigations into spice trafficking; and 3) training manuals and records of the Sheriff's Department. *See id.* at 4-5. Defendants' objections were largely based on claims that the discovery requests were overbroad, and that the

requested information was protected from disclosure by a state law enforcement privilege codified at Virginia Code § 2.2-3706. ECF No. 130 at 5.

Meanwhile, after Plaintiffs promulgated their discovery, but before they filed their motion to compel, both parties filed competing motions for protective order. ECF Nos. 36 (Plaintiffs' motion, filed on March 5, 2013) and 39 (Defendants' motion, filed on March 15, 2013[1]). The motions differed in that Defendants sought to include a provision whereby they would be permitted to disclose Plaintiffs' discovery material to law enforcement agencies and prosecutors that were not parties to the action. See ECF No. 40, attach. 1, at 3 ¶ 10. Plaintiffs objected to this provision, claiming the necessity of the confidentiality of their proprietary and business information, and arguing that Defendants' purpose in seeking to include this provision was to harass and intimidate them. ECF No. 46 at 2. Additionally, Defendants' proposed order included a provision that Plaintiffs' did not, which would have permitted the parties to designate certain material protected under the protective order as either "confidential" or "confidential–attorneys' eyes only." ECF No. 40, attach. 1, at 4-5 ¶¶ 12-14. The Court, in its Order dated April 8, 2013, declined to enter either parties' proposed order, and instead entered an order that did not include a provision authorizing Defendants to share discovery material with law enforcement or other persons not parties to the litigation, but did permit the parties to designate certain discovery material as either "confidential" or "confidential–attorneys eyes only." ECF No. 47, 48.

With the protective order entered after the briefing on the motion to compel was complete, the Court conducted the hearing on the motion to compel. The Court advised the parties that Section 1983 jurisprudence obligated the Court to balance the interests of Plaintiffs in

---

[1] Defendants then filed an amended motion for protective order on March 19, 2013, one day after Plaintiffs filed their motion to compel, because they failed to include a certification of consultation in their original motion. ECF No. 43.

their right to discovery with the potential harm that could be caused to Defendants by the disclosure of sensitive law enforcement or personal information. ECF No. 55 at 26-34. Further, the Court remarked that such balancing could be accomplished by entry of an appropriate protective order. *Id.* With such an order having recently been entered, and recognizing that "[i]n federal question cases, particularly § 1983, 'ordinarily the overriding policy is one of disclosure of relevant information in the interests of promoting the search for the truth,'" ECF No. 50 at 1 (citing *Burke v. N.Y. City Police Dep't*, 115 F.R.D. 220, 225 (S.D.N.Y. 1987)), the Court overruled Defendant's objections to discovery and granted the motion to compel, specifically requiring Defendants to answer the interrogatories and respond to the discovery requests, as narrowed by the Court, and subject to the protective order. *Id.*; ECF No. 55 at 31-34.

Where a motion to compel is granted or where discovery is provided after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). Rule 37(a)(5)(A) provides for three exceptions where an award of fees is not mandatory, despite the submission of discovery responses after filing a motion to compel or when a motion to compel is granted. *See id.* Those exceptions are where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In the instant case, the Court **FINDS** that Defendants' objections and responses, at the time they were made, were substantially justified. Recognizing that plaintiffs in Section 1983 litigation have a substantial interest in discovering the type of information sought here in

4

discovery, nonetheless defendants in such litigation also have a substantial interest in mitigating the harm that could be caused by the disclosure of such information. *See Burke*, 115 F.R.D. at 225. In this case, those separate interests were accommodated by entry of the protective order. However, because of the parties' differences with respect to the contents of the protective order, that issue was not resolved until after Plaintiffs filed their motion to compel, and the briefing was complete. In addition, the Court narrowed the scope of the discovery by permitting the redaction of certain personal information, permitting the designation of certain discovery as "attorneys' eyes only," and limiting the disclosure of certain policies and procedures to those connected solely with investigations. ECF Nos. 50, 55. Accordingly, Defendants were substantially justified in their position in declining to turn over the requested information until the protective order was in place and the scope of the discovery requests was narrowed by the Court, and thus Defendants meet the exception outlined in Rule 37(a)(5)(A)(ii).

Therefore, upon finding Defendants' position to be substantially justified, Plaintiffs' motion for attorneys' fees, ECF No. 126, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 4, 2014